E-FILED
Monday, 04 January, 2016  03:36:31 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION *IN LIMINE* #1 SEEKING TO BAR EVIDENCE OF LIABILITY INSURANCE OR INDEMNIFICATION

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo regarding the Defendants' liability insurance or indemnification by the City of Lincoln. In support of their motion, the Defendants state as follows:

1.       As police officers and or employees of the City of Lincoln, Defendants may be indemnified by the City of Lincoln for any compensatory award entered against them arising out of acts committed within the scope of their employment. 745 ILCS 10/2-302.

2.       Courts, including the Seventh Circuit, generally prohibit juries from learning that a defendant in Section 1983 suits is indemnified. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) (*citing Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994), "In the general case

courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government - not the individual defendants - is footing the bill"); *see also King v. Harrison*, 447 F.3d 531, 533 (7th Cir. 2006). Unless the issue of whether a party is insured or indemnified is a material issue in the case, the improper and uncured disclosure of such information constitutes reversible error. *See Lawson*, 153 F.3d at 379 (*citing Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967)).

3.      The exclusion of evidence relating to indemnification is derived from a related principle that it is reversible error to inform a jury as to whether a defendant carries liability insurance. *See Stenger* v. *Germanos,* 265 Ill.App.3d 942, 946 (1st Dist. 1994). Such evidence has no relevance to any issued being tried and, more significantly, a jury would likely be induced to give a plaintiff a higher award than it otherwise would, knowing that, unlike a particular individual defendant, an insurance carrier (or indemnifier) with its "deep pockets" could well afford a larger amount. *Id.*

4.      Additionally, Rule 411 of the Federal Rules of Evidence states that, "evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411.

5.      In this case, the City of Lincoln had a policy of insurance with HCC Insurance Company. The City of Lincoln 's duty to indemnify Defendants for compensatory damages has not been disputed by Defendants and the issue of indemnification or insurance is not an issue in this case. Thus, Defendants' indemnification by the City of Lincoln or Defendants' insurance coverage is not something that the jury needs to be made aware.

6.      Consequently, this Honorable Court should bar any evidence or reference of indemnification by the City of Lincoln or Defendants' insurance, including any references that

Defendants' attorneys are "City attorneys" or "insurance attorneys" because such reference invite the inference that the City of Lincoln or its insurer are paying for the defense. *See Charles v. Cotter*, 867 F.Supp. 648, 663 (N.D. Ill. 1994).

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiffs from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury as to the existence or non-existence of insurance coverage or indemnification or references to the same.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
      Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION IN LIMINE #2 TO BAR ANY PREVIOUSLY UNDISCLOSED WITNESSES/ EVIDENCE AND TO EXCLUDE NON-PARTY WITNESSES FROM THE COURTROOM

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* barring all non-party witnesses from the courtroom except when called to give testimony. In support of their motion, the Defendants state as follows:

1. Defendants respectfully move this Court to bar Plaintiff from offering any witnesses, testimony or other evidence that has not been previously disclosed as required by Federal Rule of Civil Procedure 26(a)(1), and Rule 26(e).

2. Rule 615 of the Federal Rules of Evidence provides that the trial court shall order witnesses excluded upon the request of a party so that they cannot hear the testimony of other witnesses. Fed. R. Evid. 615.

1

3.      Defendants also move this Court for the exclusion from the courtroom any and all persons Plaintiff may consider calling as witnesses at trial.

4.      Finally, Defendants seek the exclusion from the courtroom all witnesses who have already testified at the trial, but who may be recalled to testify later in the trial.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court enter an order barring any witnesses or evidence not previously disclosed, and also to bar all non-party witnesses from the courtroom except when called to give testimony.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz


Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION *IN LIMINE* #3 SEEKING TO BAR EVIDENCE OF CITIZEN COMPLAINTS INVOLVING DEFENDANTS

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo regarding Citizen Complaints involving Defendants.  In support of their motion, the Defendants state as follows:

1.      Plaintiff alleges a Section 1983 claim for excessive force, false arrest, and false imprisonment arising out of an incident November 18, 2010.

2.      Defendants anticipate that Plaintiff may seek to offer evidence of other, unrelated Citizen Complaints involving Defendants.

3.      This evidence is not relevant to any issue in this case and, therefore, is inadmissible pursuant to Federal Rules of Evidence 401 and 402.  Alternatively, to the extent relevant, the evidence should be excluded because the probative value of the evidence is

1

substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.

4.     Evidence concerning any Citizen Complaints against Defendants and the unproven allegations therein are irrelevant to the issue in the case at bar – whether Plaintiffs were subjected to excessive force and/or unlawful arrest by the Defendants.  Therefore, such evidence is inadmissible pursuant to Federal Rules of Evidence 401 and 402.

5.     Additionally, allegations in other Citizen Complaints will only serve to confuse the issues, mislead the jury, and unfairly prejudice Defendants.  To allow proof of other Citizen Complaints against Defendants will serve no legitimate purpose.  Thus, it should not be admitted pursuant to Federal Rule of Evidence 403.

6.     Moreover, evidence of prior bad acts "is not admissible to prove the character of the person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  Thus, Plaintiff cannot present evidence of allegations or findings made in other, unrelated Citizen Complaints to show that a Defendant committed the acts alleged in the instant Complaint.  *See Soller v. Moore*, 84 F.3d 964, 967-68 (7th Cir. 1996).  Accordingly, this Court should also bar Plaintiffs from presenting evidence of unrelated Citizen Complaints pursuant to Federal Rule of Evidence 404.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury as to the existence Citizen Complaints involving Defendants or references to the same.

2

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
       Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                          )
                        Plaintiff,         )
                                           )
        vs.                                )          No. 12-cv-3307
                                           )
CITY OF LINCOLN, ILLINOIS a body           )
politic, MICHAEL GERIETS, Deputy Chief )
of Police, Lincoln Police Department, City )
of Lincoln, Illinois, ROBERT L. SHERREN,)
Officer, Lincoln Police Department, City of )
Lincoln, Illinois, MICHAEL J. FRUGE,       )
Officer, Lincoln Police Department, City of )
Lincoln, Illinois,                         )
                        Defendants.         )
                                           )

**DEFENDANTS' MOTION IN LIMINE #4 SEEKING TO BAR
COMPARISON OF STANDARDS OF PROOF**

        NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any

evidence, testimony, argument, reference, comment, or innuendo regarding the standard of proof

other than the relevant standard for Section 1983 case. In support of their motion, the Defendants

state as follows:

        1.      Differences between the relevant standard of the burden of proof in a civil case,

"more probably true than not true," and the standard of proof in a criminal case, "beyond a

reasonable doubt," or any standard of proof other than the relevant standard of proof for a

Section 1983 claim is immaterial and may confuse the jury. *Stennis v. Rekkas,* 233 Ill.App.3d

813, 830-31, 599 N.E.2d 1059, 1069-:70 (1st Dist. 1992); *see also Lounsbury* v. *Yorro,* 124

Ill.App.3d 745, 750, 464 N.E.2d 866, 869 (2nd Dist. 1984) (holding that such arguments are

1

"immaterial and raises extraneous issues which may confuse the jury particularly where the jury will be properly instructed by the court on the plaintiff's burden of proof"). Therefore, any "[a]rgument regarding the criminal standard of proof beyond a reasonable doubt has no place in a civil action." *Lounsbury,* 124 Ill.App.3d at 750, 464 N.E.2d at 869.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury as to the standard of proof other than the relevant standard for Section 1983 case.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz


Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION IN LIMINE #5 SEEKING TO BAR REFERENCES TO SETTLEMENT

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo regarding settlement negotiations or lack thereof. In support of their motion, the Defendants state as follows:

1.      Evidence which informs the jury that negotiations for settlement were made is inadmissible for reasons of public policy. *Hill v. Hiles*, 32 N.E.2d 933, 937-8, 309 Ill. App. 321 (4th Dist. 1941); *see also* Fed. R Evid. 408.

2.      Such an offer to compromise a disputed claim is not admissible and any reference to the same, by a statement, inference or insinuation, should be barred.

3.      During the course of this litigation, Plaintiff has not made any settlement demands

1

while Defendants did make a settlement offer.

4.      Consequently, Plaintiff should be barred from any reference to settlement discussions or communications between Plaintiff and Defendants concerning settlement, participation in settlement discussions, that Plaintiff did or did not make settlement demands, and that Defendants did or did not make settlement offers. Such evidence is irrelevant, would be prejudicial to Defendants, and is prohibited by Rule 408 of the Federal Rules of Evidence.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury as to any settlement negotiations or lack thereof.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, Defendants

By: TORRICELLI & LIMENTATO, P.C.

By: /s/Nathaniel M. Schmitz
          Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S MOTION IN LIMINE #6 SEEKING TO BAR
REFERENCES TO OBJECTIONS AND MOTIONS**

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any

evidence, testimony, argument, reference, comment, or innuendo that counsel for Plaintiff has

been prevented from commenting on facts barred by this Court or this Defendants' objections. In

support of their motion, the Defendants state as follows:

1.       Counsel may not suggest, infer, or allude to the jury that he has been prevented

from commenting on facts barred by this Court or by his opponent's objections. *Anderson v.

Universal Delta*, 90 Ill.App.2d 105, 111, 234 N.E.2d 21, 24 (1st Dist. 1967); *Mazurek v. Crossley

Const. Co.*, 220 Ill.App.3d 416, 427, 581 N.E.2d 59, 66 (1st Dist. 1991); *see also Soltys v.

1

*Costello*, 520 F.3d 737, 744 (7th Cir. 2008) (referencing harm that may have occurred during

opening statements that some evidence was excluded by the judge).

      WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable

Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or

any time before the jury that he has been prevented from commenting on facts barred by this

Court or Defendants' objections.

                     Respectfully submitted,

                     CITY OF LINCOLN, ILLINOIS,
                     MICHAEL GERIETS, ROBERT L.
                     SHERREN, and MICHAEL J. FRUGE,
                     Defendants

                     By: TORRICELLI & LIMENTATO, P.C.

                     By: /s/ Nathaniel M. Schmitz
                         Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                                )
                          Plaintiff,             )
                                                 )
        vs.                                      )          No. 12-cv-3307
                                                 )
CITY OF LINCOLN, ILLINOIS a body                 )
politic, MICHAEL GERIETS, Deputy Chief           )
of Police, Lincoln Police Department, City       )
of Lincoln, Illinois, ROBERT L. SHERREN,         )
Officer, Lincoln Police Department, City of      )
Lincoln, Illinois, MICHAEL J. FRUGE,             )
Officer, Lincoln Police Department, City of      )
Lincoln, Illinois,                               )
                          Defendants.            )
                                                 )

## DEFENDANTS' MOTION *IN LIMINE* #7 PURSUANT TO FRCP 37(c)(1) AND FRE 701, TO BAR LAY OPINION TESTIMONY REGARDING CAUSATION OF INJURIES

        NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any

evidence, testimony, argument, reference, comment, or innuendo of any comments by Plaintiffs,

counsel during opening statements and closing arguments as to causation of Plaintiff's alleged

injuries.  In support of their motion, the Defendants state as follows:

        1.      Plaintiff has not disclosed any expert witnesses in this case to testify regarding

any mental or physical injuries caused by the occurrences alleged in the Complaint.  Defendants

expect that Plaintiff may try to call himself or other lay persons as witnesses to present evidence

that Plaintiff suffered mental and emotional distress because of the occurrences alleged in the

Complaint.

1

2.      Federal Rule of Evidence 701 provides that opinion testimony by lay witnesses is limited to only "those opinions or inferences which are (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge" within the scope of expert testimony. Fed. R. Evid. 701. "Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (*quoting United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001)).

3.      Here, Plaintiff has failed to offer any evidence demonstrating that he possesses any scientific, technical, or other specialized knowledge regarding the diagnosis or causation of the alleged mental and medical conditions.  Any testimony regarding those conditions and their causes should only come from a qualified expert witness.  *See Starks-Harris v. Taylor*, 2009 U.S. Dist. LEXIS 83998, at *13 (N.D. Ind. September 11, 2009) (prohibiting a lay witness from opining that the alleged Section 1983 violation was the proximate cause of her mental and physical health problems or to offer a self-diagnosis).

4.      Federal Rule of Civil Procedure 26(a)(2)(A) provides that a party who wishes to use the opinions or expert testimony of a witness at trial under Federal Rules of Evidence 702, 703, or 705 must disclose the identity of that expert witness. *See* Fed. R. Civ. P. 26(a)(2)(A); *Musser v. Gentiva Health Services*, 356 F.3d 751, 756 n. 2, 757 (7th Cir. 2004) (providing that "a treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to

2

litigation"). That burden is not met by disclosing treating physicians as fact witnesses, nor is it enough to say that the other party was actually aware of the witness and had an opportunity to depose the witness. *See Musser*, 356 F.3d at 757-58. Instead, parties must strictly comply with the rule, rather than force their opponents to assume that any witness may be called as an expert at trial. *Id*.

5.      Here, Plaintiff has failed to disclose any expert witness.  While treating physicians are able to testify as to their personal observations, diagnoses, and treatment of a patient, they cannot testify as to causation issues without being disclosed as an expert witness. *See Caldwell v. City of Chicago*, 2010 U.S. Dist. LEXIS 7121, at *10-11 (N.D. Ill. Jan. 28, 2010) (prohibiting a treating physician from testifying as to causation of an injury where the physician was not disclosed as an expert witness); *Holmes v. Sood*, 2006 U.S. Dist. LEXIS 50891, at *24-26 (N.D. Ill. July 12, 2006) (barring testimony of treating physician as to causation where no expert report was served); *Loera v. National R.R. Passenger Corp. (Amtrak)*, 2004 U.S. Dist. LEXIS 22874 at *4-5 (N.D. Ill. Nov. 9, 2004)  (barring opinion testimony by treating physicians as to causation where they were not disclosed as expert witnesses). Accordingly, any testimony regarding Plaintiff's alleged injuries and their causes should only come from a qualified expert witness, which Plaintiff has neither identified nor disclosed. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff cannot show that his failure was either substantially justified or harmless and, therefore, Plaintiff's testimony must be barred.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

3

ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable

Court bar Plaintiffs from presenting any evidence, testimony or questions in *voir dire* or at trial,

or any time before the jury regarding lay opinions concerning the diagnosis and causation of the

Plaintiffs' alleged mental and physical injuries.

      Respectfully submitted,


                                      CITY OF LINCOLN, ILLINOIS,
                                      MICHAEL GERIETS, ROBERT L.
                                      SHERREN, and MICHAEL J. FRUGE,
                                      Defendants

                                      By: TORRICELLI & LIMENTATO, P.C.


                                      By: /s/ Nathaniel M. Schmitz
                                          Nathaniel M. Schmitz


Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                           )
                        Plaintiff,          )
                                            )
        vs.                                 )        No. 12-cv-3307
                                            )
CITY OF LINCOLN, ILLINOIS a body            )
politic, MICHAEL GERIETS, Deputy Chief      )
of Police, Lincoln Police Department, City  )
of Lincoln, Illinois, ROBERT L. SHERREN,    )
Officer, Lincoln Police Department, City of )
Lincoln, Illinois, MICHAEL J. FRUGE,        )
Officer, Lincoln Police Department, City of )
Lincoln, Illinois,                          )
                        Defendants.         )
                                            )

## <u>DEFENDANTS' MOTION *IN LIMINE* #8</u>
## <u>SEEKING TO BAR COUNSEL'S PERSONAL BELIEFS</u>

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any

evidence, testimony, argument, reference, comment, or innuendo of any comments by Plaintiff's

counsel during opening statements and closing arguments as to their personal beliefs regarding

the credibility of any witness or their personal beliefs regarding ultimate issues in the case.  In

support of their motion, the Defendants state as follows:

1.      In *Canada Dry Corp. v. Nehi Beverage Co.*, the defense attorney made comments

during closing argument vouching for the honesty and credibility of the defendant's present and

expressing his own beliefs in the defendant's case. *Canada Dry Corp. v. Nehi Beverage Co.*,723

F.2d 512, 526 (7th Cir. 1983). The Seventh Circuit stated that such remarks were "clearly

improper" and suggested that such comments violate the American Bar Association's Code of

1

Professional Responsibility. *Canada Dry Corp.*, 723 F.2d at 526.

Plaintiff alleges a Section 1983 claim for improper excessive force, false arrest, and false imprisonment arising out of an incident on November 18, 2010.

2.      In this case, Plaintiff's counsel should not be permitted to offer their opinion that a particular witness is credible or is not credible. Plaintiff's counsel should also not be permitted to offer their opinion concerning the merits of their client's case. They may only argue the evidence from which a jury may draw its own conclusions.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury making any comments as to his personal beliefs regarding the credibility of any witness or his personal beliefs regarding ultimate issues in the case.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.

By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

2

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                          )
                Plaintiff,        )
                        )
      vs.                                )        No. 12-cv-3307
                        )
CITY OF LINCOLN, ILLINOIS a body      )
politic, MICHAEL GERIETS, Deputy Chief )
of Police, Lincoln Police Department, City   )
of Lincoln, Illinois, ROBERT L. SHERREN,)
Officer, Lincoln Police Department, City of )
Lincoln, Illinois, MICHAEL J. FRUGE,      )
Officer, Lincoln Police Department, City of )
Lincoln, Illinois,                              )
                Defendants.       )
                        )

## DEFENDANTS' MOTION *IN LIMINE* #9 TO BAR REFERENCE TO OTHER PUBLICIZED INCIDENTS

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo of any comments by Plaintiffs' counsel during opening statements and closing arguments as to any other incidents involving the use of excessive force or unlawful arrests by law enforcement personnel.   In support of their motion, the Defendants state as follows:

1.      There are a number of other incidents which have aroused considerable passion in the community and received a great deal of publicity.   Specifically, these incidents include any reference to the any recent special reports on disciplinary actions against police officers, various unrelated reports or prosecutions against police officers related to official misconduct, and other

1

various media regarding police officers and correctional officers.  A trial court judge maintains broad discretion in the admission of evidence and in ruling upon a motion *in limine* to ensure that the trial is fair and just. Fed. R. Evid. 102.

2.      Here, this Honorable Court should eliminate any opportunity to improperly inflame the passions of the jury by precluding Plaintiffs from introducing any prejudicial material regarding publicized incidents of law enforcement using excessive force in the presence of the jury.  This Court should also eliminate Plaintiffs from making any such argument(s) that the frequent media coverage of law enforcement using excessive force is evidence that "these occurrences do happen," or any argument along those lines, in an attempt to satisfy their burden of proof.

3.      Although Rule 404(b) permits the admission of evidence of other acts, if such evidence is directed toward establishing a matter in issue other than a defendant's propensity to commit the act charged, Plaintiff will not be able to satisfy their burden under Rule 404(b) of explicitly articulating which exception to the general rule applies. *U.S. v. Zapata*, 871 F.2d 616, 620-21 (7th Cir. 1989). Moreover, even if there were some probative value in admitting this evidence, that probative value would be overwhelmingly outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403; see also, *Berkovich v. Hicks*, 922 F.2d 1018, 1022-23 (2nd Cir.1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant); *Lataille v. Ponte*, 754 F.2d 33, 37-38 (1st Cir. 1985) (prejudicial error to admit past disciplinary record).

4.      Finally, these same arguments would also apply if Plaintiff sought to introduce any evidence of other litigation and/or complaints against any non-Defendant City of Lincoln Police Officer, City of Lincoln employee, or State of Illinois employee.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury regarding other incidents involving the use of excessive force, false arrests or unlawful searches by law enforcement personnel.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, Defendants

By: TORRICELLI & LIMENTATO, P.C.

By: /s/ Nathaniel M. Schmitz
         Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

3

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION *IN LIMINE* #10 TO BAR
"GOLDEN RULE" COMMENTS**

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any

evidence, testimony, argument, reference, comment, or innuendo from directly or indirectly

asking the jurors to put themselves in the position of Plaintiff, to imagine what it would be like to

experience Plaintiff's alleged injuries, or making comments to that effect.  In support of their

motion, the Defendants state as follows:

1.      A "golden rule" appeal asks a jury to put itself in the position of a party and "is

universally recognized as improper because it encourages the jury to depart from the neutrality

and to decide the case on the basis of personal interest and bias rather than on the evidence." *U.S.*

*v. Roman*, 492 F.3d 803, 805-806 (7th Cir. 2007); *see also Chakos v. Illinois State Toll Highway*

1

*Authority*, 169 Ill.App.3d 1018, 1029, 524 N.E.2d 615, 623 (1st Dist. 1988); *Koonce by Koonce v. Pacilio*, 307 Ill.App.3d 449, 457, 718 N.E.2d 628, 635 (1st Dist. 1999).

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully requests that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury by asking the jurors, directly or indirectly, to put themselves in the position of the plaintiff, to imagine what it would be like to experience the plaintiff's alleged injuries, or from making any other comments to that effect.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, Defendants

By: TORRICELLI & LIMENTATO, P.C.

By: /s/ Nathaniel M. Schmitz
         Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

2

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,              )
               Plaintiff,        )
                            )
    vs.                         )     No. 12-cv-3307
                            )
CITY OF LINCOLN, ILLINOIS a body  )
politic, MICHAEL GERIETS, Deputy Chief )
of Police, Lincoln Police Department, City  )
of Lincoln, Illinois, ROBERT L. SHERREN,)
Officer, Lincoln Police Department, City of )
Lincoln, Illinois, MICHAEL J. FRUGE,  )
Officer, Lincoln Police Department, City of )
Lincoln, Illinois,                )
             Defendants.    )
                            )

## <u>DEFENDANTS' MOTION IN LIMINE #11 SEEKING TO BAR UNRELATED LITIGATION INVOLVING DEFENDANTS</u>

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo unrelated litigation involving Defendants.  In support of their motion, the Defendants state as follows:

1.       Plaintiff alleges a Section1983 claim for excessive use of force, false arrest, and false imprisonment arising out of events on November 18, 2010.

2.       Defendants anticipate that Plaintiff may seek to offer evidence of other, unrelated litigation involving Defendants.  These cases concern the Plaintiff as well as different plaintiffs, different allegations, and entirely unrelated incidents.

3.       This evidence is not relevant to any issue in this case and, therefore, is inadmissible pursuant to Federal Rules of Evidence 401 and 402.  Alternatively, to the extent

1

relevant, the evidence should be excluded because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.

4.      Evidence concerning any pending lawsuit against Defendants and the unproven allegations therein are irrelevant to the issue in the case at bar – whether Defendants used excessive force against Plaintiff or unlawfully arrested and imprisoned Plaintiff.  Therefore, such evidence is inadmissible pursuant to Federal Rules of Evidence 401 and 402.

5.      Additionally, the allegations in other cases will only serve to confuse the issues, mislead the jury, and unfairly prejudice Defendants.  To allow proof of other litigation against Defendants will serve no legitimate purpose.  Thus, it should not be admitted pursuant to Federal Rule of Evidence 403.

6.      Moreover, evidence of prior bad acts "is not admissible to prove the character of the person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  Thus, Plaintiff cannot present evidence of allegations or findings made in other, unrelated suits to show that a Defendant committed the acts alleged in the instant Complaint.  Accordingly, this Court should also bar Plaintiff from presenting evidence of unrelated suits pursuant to Federal Rule of Evidence 404.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any and all evidence, references to evidence, testimony or argument relative in any way to Defendants' involvement in other litigation.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.


By:  /s/Nathaniel M. Schmitz
        Nathaniel M. Schmitz


Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION *IN LIMINE* #12 SEEKING TO BAR TESTIMONY
CONCERNING ALLEGED POLICE "CODE OF SILENCE"**

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any

evidence, testimony, argument, reference, comment, or innuendo that police officers in general

lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow police

officers.  In support of their motion, the Defendants state as follows:

1.      Plaintiff allege a Section 1983 claim for excessive force, false arrest, and false

imprisonment arising out of an incident on November 18, 2010.

2.      Defendants anticipate that Plaintiff may seek to introduce at trial generalized

testimony, evidence, or argument of an alleged police "code of silence" maintained by the City

of Lincoln Police Department and/or law enforcement in general to protect fellow deputies and

officers accused of wrongdoing.  However, evidence is admissible at trial only if it makes the

1

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. Fed R. Evid. 403.

3.      At trial, the only relevant inquiry concerns the allegations of Defendants regarding excessive force, false arrest, and false imprisonment arising out of an incident on November 18, 2010. Given this narrow inquiry, it is simply beyond dispute that general evidence of a "code of silence" or similar slander has no bearing whatsoever on the jury's assessment of the Defendants' conduct in this case. Such generalized evidence has no specific relationship to the deputies, former deputies officers, former officers, or other law enforcement department personnel testifying in this case, it is not relevant to the jury's determination of their credibility. *See People v. Currie*, 84 Ill. App. 3d 1056, 1061-62 (1st Dist.1980) (excluding evidence that police officers had motive to lie on stand to cover up police practice of using ruse to enter premises during drug raids). *See also Shaw v. City of New York*, 1997 U.S. Dist. LEXIS 4901, at *27 (S.D.N.Y. Apr. 15, 1997) (excluding evidence of blue "code of silence" by which New York City police officers protect fellow officers and lie if necessary to do so); *Heflin v. City of Chicago*, 1996 U.S. Dist. LEXIS 672, at *10-11 (N.D. Ill. Jan. 22, 1996) (granting unopposed motion to exclude evidence that police officers generally protect or cover-up other officers' misconduct). Moreover, as the court warned in *Shaw*:

> If [evidence of a police "code of silence"] were held admissible here, it logically would be admissible in every suit, civil or criminal, in which a police officer was alleged to be lying to support the testimony of a fellow police officer. Indeed, it would be admissible in every civil and criminal case in which even a single police officer testified. The Court declines to establish such a precedent. *Id.*

This Court too should decline to open the floodgates to such evidence.

4.      Furthermore, even if general evidence of a "code of silence" were somehow relevant to the matters at issue or the credibility of testimony in this case, and it is not, this Court should nonetheless exclude such evidence because its prejudicial effect substantially outweighs its probative value. Indeed, given its lack of connection to the specific issues and persons in this case, "its probative value is very, very slim, and its prejudicial [impact] is very, very high." *Shaw*, 1997 U.S. Dist. LEXIS 4901, at *23.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury as to any allegation that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow deputies or officers.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                        )
                    Plaintiff,           )
                                         )
      vs.                                )        No. 12-cv-3307
                                         )
CITY OF LINCOLN, ILLINOIS a body         )
politic, MICHAEL GERIETS, Deputy Chief   )
of Police, Lincoln Police Department, City )
of Lincoln, Illinois, ROBERT L. SHERREN,)
Officer, Lincoln Police Department, City of )
Lincoln, Illinois, MICHAEL J. FRUGE,     )
Officer, Lincoln Police Department, City of )
Lincoln, Illinois,                       )
                    Defendants.          )
                                         )


**DEFENDANTS' MOTION *IN LIMINE* #13 SEEKING TO BAR EVIDENCE AND/OR
TESTIMONY CONCERNING GENERAL ORDERS, CITY CODES, OR
DEPARTMENT PROCEDURES**

      NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any

evidence, testimony, argument, reference, comment, or innuendo regarding general orders or

procedures of the City of Lincoln Police Department or the Official City Code of the City of

Lincoln.  In support of their motion, the Defendants state as follows:

      1.      Introduction of evidence relating to general orders or procedures on the federal

claims would be improper because "the violation of police regulations or even a state law is

completely immaterial as to the question of whether a violation of the federal constitution has

been established." *Thompson v. City of Chicago*, 472 F.3d 444, 454, (7th Cir. 2006). Moreover,

"it may be that [the Defendant's] possible violation of the CPD's General Orders is of interest to

1

his superiors when they are making discipline, promotion or salary decision, but that information was immaterial in the proceedings before the district court and was properly excluded." *Id*. at 455. As the Seventh Circuit has spoken on this issue, general orders or procedures of the City of Lincoln Police Department or the Official City Code of the City of Lincoln should not be admissible in this case.

2.      Any attempt to introduce, refer or insinuate general orders or procedures promulgated by the City of Lincoln Police Department or the Official City Code of the City of Lincoln in an attempt to suggest that the Defendants violated the procedures in the course of their contact with Plaintiff should be barred.  Defendants respectfully request this Court bar all references to general orders or procedures of the City of Lincoln Police Department or the Official City Code of the City of Lincoln because such evidence is irrelevant, would lead to confusion of the jury and its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. See Fed. R. Evid. 401, 402, 403.

3.      In line with the Seventh Circuit's holding in *Thompson*, Plaintiffs should be barred from attempting to present the Official Code of the City of Lincoln, Illinois as evidence or otherwise seek to introduce any testimony at any time before the jury as to any allegation regarding the Official City Code of the City of Lincoln.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury as to any allegation regarding general orders or procedures of the City of Lincoln Police Department or the Official City Code of the City of Lincoln.

2

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                          )
                        Plaintiff,         )
                                           )
        vs.                                )        No. 12-cv-3307
                                           )
CITY OF LINCOLN, ILLINOIS a body           )
politic, MICHAEL GERIETS, Deputy Chief     )
of Police, Lincoln Police Department, City )
of Lincoln, Illinois, ROBERT L. SHERREN,   )
Officer, Lincoln Police Department, City of)
Lincoln, Illinois, MICHAEL J. FRUGE,       )
Officer, Lincoln Police Department, City of)
Lincoln, Illinois,                         )
                        Defendants.        )
                                           )

**DEFENDANTS' MOTION *IN LIMINE* #14 SEEKING TO BAR
ANY ARGUMENT THAT THE JURY SHOULD PUNISH THE CITY OF LINCOLN
AND MOTION TO STRIKE CITY OF LINCOLN FROM THE CASE CAPTION**

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any

evidence, testimony, argument, reference, comment, or innuendo that the jury should "send a

message" to the City of Lincoln.  In support of their motion, the Defendants state as follows:

1.      Sending a message, or punishment, cannot form the basis for any damages other

than punitive damages. As a matter of law, the Plaintiff cannot recover punitive damages from

the City of Lincoln as a result of this occurrence. *See* 745 ILCS 10/2-102; *City of Newport v.

Fact Concerts*, 453 U.S. 247, 271 (1981). Accordingly, Plaintiff should not be permitted to imply

to the jury that punishment can serve as a legitimate basis for an award against the City of

Lincoln.  Any such implication would be unfairly prejudicial to the individual Defendants. Fed.

R. Evid. 403.

1

2.      Evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. Fed. R. Evid. 411; *Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 738 (N.D. Ill. 2004) (barring evidence that might infer that a judgment against the defendants might be paid out of the City's "deep pockets"); *Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003) (barring mention of indemnification by the City as the information is too prejudicial to survive the Rule 403 balancing test).

3.      Furthermore, Plaintiff has no substantive claims against the City of Lincoln and any reference to the City of Lincoln will serve no purpose other than to improperly suggest to the jury that the City of Lincoln, a "deep pocket," will pay.

4.      Furthermore, Defendants respectfully request that any reference to the City of Lincoln be stricken from the caption of the case.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury that the jury should "send a message" to the City of Lincoln.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, Defendants

By: TORRICELLI & LIMENTATO, P.C.

By: /s/ Nathaniel M. Schmitz
          Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION *IN LIMINE* #15 SEEKING TO BAR ANY ARGUMENT THAT ANY NON-DEFENDANT COUNTY DEPUTIES, COUNTY EMPLOYEES, CITY POLICE OFFICERS, CITY EMPLOYEES, OR STATE OF ILLINOIS EMPLOYEES ENGAGED IN MISCONDUCT

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo that any non-Defendant Logan County Deputies, County employees, City of Lincoln Police Officers, City employees, or State of Illinois employees engaged in misconduct.  In support of their motion, the Defendants state as follows:

1.      Defendants cannot be held liable for the actions of another person. *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir.1987); *Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986); *O'Neil v. Krzeminski*, 839 F.2d 9, 11 (2nd Cir. 1988); 745 ILCS 10/2-204.

1

2.      To allow any testimony or argument with regard to an alleged injury caused by another County of Logan Sheriff's Deputy, County of Logan employee, City of Lincoln Police Officer, City of Lincoln employee, or State of Illinois employee, including of the Logan County State's Attorney Office, invites the jury to find against Defendants if they wanted to compensate Plaintiffs for any such alleged injury and/or to punish Defendants for the alleged actions of another individual. Accordingly, Plaintiffs, their attorney, and witnesses must be barred from mentioning or referring to any alleged misconduct by any non-Defendant County of Logan Sheriff's Deputy, County of Logan employee, City of Lincoln Police Officer, City of Lincoln employee, or State of Illinois employee.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury that any non-Defendant County of Logan Sheriff's Deputy, County of Logan employee, City of Lincoln Police Officer, City of Lincoln employee, or State of Illinois employee engaged in misconduct.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz

2

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                                    )
                   Plaintiff,           )
                                )
    vs.                                              )          No. 12-cv-3307
                                )
CITY OF LINCOLN, ILLINOIS a body        )
politic, MICHAEL GERIETS, Deputy Chief )
of Police, Lincoln Police Department, City    )
of Lincoln, Illinois, ROBERT L. SHERREN,)
Officer, Lincoln Police Department, City of  )
Lincoln, Illinois, MICHAEL J. FRUGE,       )
Officer, Lincoln Police Department, City of  )
Lincoln, Illinois,                                     )
                   Defendants.       )
                                )

## DEFENDANTS' MOTION *IN LIMINE* #16 SEEKING TO BAR ANY EVIDENCE REGARDING TRAINING OF EMPLOYEES OR POLICE OFFICERS BY THE CITY OF LINCOLN

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo regarding training of employees or police officers by the City of Lincoln.  In support of their motion, the Defendants state as follows:

      1.      Defendants seek to bar Plaintiff from arguing or eliciting testimony as to how the City of Lincoln trains, disciplines, monitors or controls police officers, and/ or employees.  Such information is irrelevant to the issues in this case, is highly prejudicial, and is likely to confuse the jury. Fed. R. Evid. 401 and 403.

      2.      Furthermore, no separate policy claim was alleged at any point against the City of

Lincoln Plaintiff.  To impose liability on a City under §1983, Plaintiff must comply with the framework established by the Supreme Court in *Monell v. New York City Dep't of Social Services*, in which the purported constitutional injury must be proximately caused by the execution of an official government policy or custom. 436 U.S. 658, 694 (1978). Plaintiff does not allege that a City of Lincoln policy or custom was the direct cause of their alleged constitutional injuries.  Therefore, any reference, question or testimony regarding the training of training of police officers or employees by the City of Lincoln should be barred.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury regarding training of police officers or employees of the City of Lincoln.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                          )
                          Plaintiff,       )
                                           )
        vs.                                )        No. 12-cv-3307
                                           )
CITY OF LINCOLN, ILLINOIS a body           )
politic, MICHAEL GERIETS, Deputy Chief     )
of Police, Lincoln Police Department, City )
of Lincoln, Illinois, ROBERT L. SHERREN,   )
Officer, Lincoln Police Department, City of)
Lincoln, Illinois, MICHAEL J. FRUGE,       )
Officer, Lincoln Police Department, City of)
Lincoln, Illinois,                         )
                          Defendants.       )
                                           )

**DEFENDANTS' MOTION _IN LIMINE_ #17 SEEKING TO BAR ANY
MENTION THAT DEFENSE COUNSEL WORK FOR THE CITY OF LINCOLN**

        NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI &

LIMENTATO, P.C., and move this Honorable Court for an order _in limine_ precluding any

evidence, testimony, argument, reference, comment, or innuendo regarding Counsel for

Defendants' relationship in connection with the representation of the City of Lincoln.  In support

of their motion, the Defendants state as follows:

        1.        Defense counsel's relationship with the City of Lincoln is irrelevant to the

substantive issues of this case. As such, Plaintiff should be barred from making any reference to

Defendants' attorneys or any of the parties as "City Counsel," "The City lawyers," "The City,"

or similar terms. Reference to defense counsel's nature and affiliation with the City of Lincoln is

improper and will serve no purpose other than to improperly suggest to the jury that the City of

1

Lincoln – not the individual Defendants – will pay any judgment in this case, as argued in Defendants' motion *in limine* Nos. 1 and 14.  The lawyers on both sides represent clients and all titles should be left out of this case.

WHEREFORE, Defendants CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury regarding Counsel for Defendants' relationship in connection with the representation of the City of Lincoln.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz


Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cv-3307 |
| | ) | |
| CITY OF LINCOLN, ILLINOIS a body | ) | |
| politic, MICHAEL GERIETS, Deputy Chief | ) | |
| of Police, Lincoln Police Department, City | ) | |
| of Lincoln, Illinois, ROBERT L. SHERREN, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, MICHAEL J. FRUGE, | ) | |
| Officer, Lincoln Police Department, City of | ) | |
| Lincoln, Illinois, | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION *IN LIMINE* #18 TO BAR ANY EVIDENCE OR ARGUMENT REGARDING DEFENDANTS ALLEGED FAILURE TO CALL WITNESSES**

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo regarding Defendants' alleged failure to call witnesses.  In support of their motion, the Defendants state as follows:

1.      Defendants anticipate that Plaintiff might attempt to argue that Defendants should have called other witnesses or argue that Defendants lack other witnesses. However, this is a civil case, and as such, Plaintiff bears the burden of proving their case. Defendants are under no obligation to put on a defense or call witnesses in order to support a verdict in their favor. Hence, Defendants are under no duty to call any witnesses at trial, and any argument by Plaintiff in this regard would improperly shift the burden of proof to the Defendants which is contrary to the

1

Plaintiff's burden and would be error.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully requests that this Honorable

Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or

any time before the jury regarding Defendants' alleged failure to call witnesses.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.

By: /s/ Nathaniel M. Schmitz
   Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,                              )
                Plaintiff,            )
                               )
     vs.                                       )          No. 12-cv-3307
                               )
CITY OF LINCOLN, ILLINOIS a body      )
politic, MICHAEL GERIETS, Deputy Chief )
of Police, Lincoln Police Department, City   )
of Lincoln, Illinois, ROBERT L. SHERREN,)
Officer, Lincoln Police Department, City of  )
Lincoln, Illinois, MICHAEL J. FRUGE,      )
Officer, Lincoln Police Department, City of  )
Lincoln, Illinois,                              )
                Defendants.           )
                               )

## DEFENDANTS' MOTION *IN LIMINE* #19 TO BAR PLAINTIFF'S COUNSEL FROM MAKING AN IMPROPER OPENING STATEMENT

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding Plaintiff's Counsel from making an improper opening statement.  In support of their motion, the Defendants state as follows:

1.       Plaintiff's counsel should not be permitted to argue in their opening statement. The purpose of opening statement is to state what evidence will be presented, make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole. *United States v. Dinitz*, 424 U.S. 600, 612 (1976). It is not occasion for argument. *Id.* Plaintiff's counsel may attempt to convert their opening statement into an improper opening argument.  By arguing during the opening statement, Plaintiff would unduly influence the way in

1

which the jury will perceive Defendants, the evidence and ultimately prejudice Defendants.

Argument during opening statement is improper and the Court should bar such argument

      WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS,

ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully requests that this Honorable

Court precluding Plaintiff's Counsel from making an improper opening statement.

                                 Respectfully submitted,

                                 CITY OF LINCOLN, ILLINOIS,
                                 MICHAEL GERIETS, ROBERT L.
                                 SHERREN, and MICHAEL J. FRUGE,
                                 Defendants

                                 By: TORRICELLI & LIMENTATO, P.C.

                                 By: /s/ Nathaniel M. Schmitz           
                                     Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY T. JONES,             )
            Plaintiff,      )
                        )
vs.                      )     No. 12-cv-3307
                        )
CITY OF LINCOLN, ILLINOIS a body )
politic, MICHAEL GERIETS, Deputy Chief )
of Police, Lincoln Police Department, City  )
of Lincoln, Illinois, ROBERT L. SHERREN,)
Officer, Lincoln Police Department, City of )
Lincoln, Illinois, MICHAEL J. FRUGE,  )
Officer, Lincoln Police Department, City of  )
Lincoln, Illinois,               )
           Defendants.    )
                        )

## DEFENDANTS' MOTION *IN LIMINE* #20 SEEKING TO BAR EVIDENCE RELATING TO DEFENDANTS' SUBJECTIVE INTENT

NOW COME the Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo regarding Defendants' subjective intent. In support of their motion, the Defendants state as follows:

1.      Defendants move to exclude the evidence described herein on the grounds that it is irrelevant, and therefore inadmissible, under Federal Rules of Evidence 401 and 402, and further that, even if relevant, such evidence would be confusing and misleading to the jury's understanding of the applicable standard of liability, and is excludable under Rule 403.

2.      All claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure are analyzed under the Fourth Amendment and

1

its "reasonableness" standard, which asks whether an officer's conduct was objectively unreasonable. *See Graham v. Connor*, 490 U.S. 386, 389 (1989); *Sow v. Fortville Police Dept.*, 636 F.3d 293, 303-304 (7th Cir. 2011). "As in other Fourth Amendment contexts…the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (emphasis added). The same Fourth Amendment reasonableness standard applies to the Plaintiff Jeff Jones' claim of false arrest and false imprisonment.

3.      Because "[t]he constitutional inquiry is objective," *Bell v. Irwin*, 321 F.3d 637, 639 (7th Cir. 2003), any evidence or testimony meant to establish the defendants' subjective intent or underlying motives is irrelevant. Moreover, any such evidence, testimony, or innuendo regarding Defendants' subjective intentions would improperly influence and/or prejudice the jury, both with respect to its determination of liability and its assessment of damages. Thus, admitting such evidence would violate both Rules 402 and 403.

4.      The evidence subject to this motion includes any testimony of the Plaintiff to the effect that Defendants applied excessive force, falsely arrested, or falsely imprisoned anyone. Any subjective motivation (substantiated or not) is irrelevant to the constitutional standards of liability.

WHEREFORE, Defendants, CITY OF LINCOLN, ILLINOIS, MICHAEL GERIETS, ROBERT L. SHERREN, and MICHAEL J. FRUGE, respectfully request that this Honorable Court bar Plaintiffs from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury regarding Defendants' subjective intent or references to the same.

Respectfully submitted,

CITY OF LINCOLN, ILLINOIS,
MICHAEL GERIETS, ROBERT L.
SHERREN, and MICHAEL J. FRUGE,
Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
        Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com